(No. 2934—

WILLIAM E. BAUER, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed May 11, 1938.*

Claimant, pro se.

OTTO KERNER, Attorney General; GLENN A. TREVOR, Assistant Attorney General, for respondent.

MR. CHIEF JUSTICE HOLLERICH delivered the opinion of the court:

On August 27th, 1921, claimant entered the employ of the respondent as an attendant at the Elgin State Hospital, Elgin, Illinois, and continued in such employment until December 17th, 1935. On the last mentioned date, while claimant was on night duty at one of the farm cottages known as Farm Colony No. 3, he was struck and tripped by one of the patients, whereby he fell to the floor and fractured his left hip. He was taken to the Hospital Unit of such institution and re-

mained there continuously until August 19th, 1936. While at such hospital he was under the care of Dr. George A. Wiltrakis, Senior Physician and member of the staff at the Elgin State Hospital. Dr. Wiltrakis has seen the claimant at infrequent intervals since he left the hospital, and supervised the taking of a number of X-ray pictures, the last of which was taken February 28th, 1938. Such pictures show a fracture of the neck of the femur; also that the broken fragments have failed to unite, and also that there is some absorption of the neck of the femur.

There is no dispute in the testimony as to the nature or extent of claimant's injury. From the medical testimony in the record it appears that claimant's condition is permanent; that it reached a permanent stage about three months after the injury; that claimant will never be able to use his left leg; that he is able to move about now with the use of a cane and crutch; that in walking his left foot turns outward from the normal position; that his left leg is approximately two inches shorter than his right. Since the time he left the hospital claimant has continued to reside in one of the cottages at the institution.

It appears from the evidence that the Elgin State Hospital is located on a tract of land consisting of approximately 800 acres; that there are about fifty buildings, the main building being four stories in height; that at the time of the accident there were approximately 4,700 patients and 650 employees at the institution; that the institution has a central heating plant, a power plant for the generation of electricity, a water plant, machine shop, carpenter shop, electric shop, tin shop, laundry, etc.

The institution is primarily a hospital, but maintains a farm in connection therewith which serves the two-fold purpose of providing an industrial occupation for some of the patients, and also provides farm products for the patients and employees. The farm colony is an integral part of the institution; it consists of three patients' cottages, employees' cottage, barns and other farm buildings, and is located about three and one-half miles from the main buildings.

Upon a consideration of the record we find:

1. That on December 17th, 1935 claimant and respondent were operating under the provisions of the Workmen's Compensation Act of this State.

316

2. That on said date claimant sustained accidental injuries which arose out of and in the course of his employment.

3. That notice of the accident was given to said respondent and claim for compensation on account thereof was made within the time required by the provisions of such Act.

4. That claimant's annual earnings were $969.00, and his average weekly wages were $18.63.

5. That claimant at the time of the injury was 70 years of age and unmarried.

6. That all necessary first aid, medical, surgical and hospital services have been provided by respondent.

7. That claimant was temporarily totally disabled from December 18th, 1935 to March 18th, 1936.

8. That as the result of such accident claimant has sustained the permanent and complete loss of the use of his left leg.

9. That the sum of $60.00 has been paid to apply on the compensation due him.

10. That claimant is entitled to have and recover from the respondent the following sums, to-wit:

a) The sum of $9.31 per week for 13 weeks, to-wit, $121.03, for temporary total incapacity as aforesaid;

b) The sum of $9.31 per week for 190 weeks, to-wit, $1,768.90, for the permanent and complete loss of the use of his left leg; pursuant to the provisions of paragraph E-15, Section 8 of the Compensation Act.

The amount which claimant is entitled to receive as above, is $1,889.93, less the sum of $60.00 heretofore paid to him, to-wit, $1,829.93.

Award is therefore entered in favor of the claimant for the sum of $1,829.93, payable in 196 weekly installments of $9.31 each, commencing on January 29th, 1936, and one final installment of $5.17.

Compensation has accrued from January 29th, 1936 to May 11th, 1938, to-wit, the sum of $1,107.89. The aforementioned award of $1,829.93 is therefore payable as follows: the sum of $1,107.89 is payable forthwith, and the balance of $722.04 is payable in 77 weekly payments of $9.31 each, commencing May 18th, 1938, and one final payment of $5.17.

This award being subject to the provisions of an Act entitled ''An Act Making an Appropriation to Pay Com-

pensation Claims of State Employees and Providing for the Method of Payment Thereof,'' approved July 3d, 1937 (Session Laws 1937, p. 83) and being by the terms of such Act, subject to the approval of the Governor, is hereby, if and when approval is given, made payable from the appropriation from the General Revenue Fund in the manner provided for in such Act.